FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 APR 28  PM 2:52

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| ARTHUR WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-001 |
| ) | |
| HILTON HALL, Warden, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 7. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

## I. BACKGROUND

Petitioner was indicted by the Toombs County grand jury on February 17, 1994 for armed robbery and kidnapping. Resp. Ex. 6 at 37-39. On March 24, 1994, petitioner appeared before the Toombs County Superior

Court with appointed counsel and entered a negotiated plea of guilty as to both counts of the indictment. Id. at 35, 40-48. The trial court accepted petitioner's plea of guilty and sentenced him to twenty-five years' imprisonment as to count one and twenty-five years' imprisonment as to count two, to run concurrently with count one. Id. at 34, 36. Petitioner did not file a direct appeal. On January 31, 1995, petitioner filed an application for sentence review, which was dismissed as untimely on July 19, 1995. Doc. 11 at 2.

Petitioner filed a state habeas corpus petition on August 4, 2003, in Mitchell County Superior Court alleging four grounds for relief. Resp. Ex. 1. Following the reduction of his sentence by the Toombs County Superior Court,[1] petitioner amended his state habeas petition on August 18, 2004 to include additional grounds for relief.[2] Resp. Ex. 2. After holding an

---

[1] On February 24, 2004, the Toombs County Superior Court recognized that the two twenty-five year sentences for armed robbery and kidnapping were not authorized by statute and amended his sentences to the statutory maximum of twenty years' imprisonment for each offense. Resp. Ex. 6 at 49.

[2] Petitioner's state habeas hearing was originally scheduled for February 27, 2004. Resp. Ex. 5. At this hearing, petitioner learned of the amendment of his sentences by the Toombs County Superior Court on February 24, 2004. As the legality of his sentences was a primary concern and ground for relief in petitioner's state habeas petition, petitioner was allowed to amend his state habeas petition and reschedule his habeas hearing.

evidentiary hearing on September 10, 2004, the state habeas court denied the relief sought on October 21, 2004. Resp. Ex. 3, 6. The Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal the denial of state habeas corpus relief on September 20, 2005. Resp. Ex. 4.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on December 23, 2005. Doc. 1. Respondent moves to dismiss the petition as untimely under § 2244(d). Doc 7. Petitioner filed a brief in support of his petition on March 15, 2006. Doc. 11.

## II. ANALYSIS

Respondent moves to dismiss the instant petition as untimely. While petitioner does not respond directly to respondent's arguments regarding timeliness, it is clear from the course of proceedings in this case that petitioner believes that his § 2254 petition is timely because it was filed within one year of September 20, 2005, the date of the denial of a certificate of probable cause to appeal his state habeas corpus petition.

Habeas corpus petitions filed by state prisoners must be filed within the one-year statute of limitations period under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] For prisoners whose state convictions became final prior to the effective date of AEDPA, the Eleventh Circuit has held that the one-year statute of limitations began to run on the date AEDPA went into effect. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir.

---

[3]Section 2244(d), which is applicable to state prisoners' § 2254 petitions, provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1998) (regarding state prisoners); Goodman v. United States, 151 F.3d 1335, 1336 (11th Cir. 1998) (regarding federal prisoners). Thus, prisoners whose state convictions occurred prior to April 24, 1996, which is the effective date of AEDPA, must have filed a federal habeas corpus petition prior to April 24, 1997 to avoid having the petition barred by the one-year statute of limitations. United States v. Moore, 344 F.3d 1313, 1320 (11th Cir. 2003).

The one-year statute of limitations set forth in § 2244 is tolled when a state prisoner properly files an application for post-conviction or collateral review with the state. 28 U.S.C. § 2244(d)(2); see also Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). However, a state habeas petition filed after the one-year AEDPA statute of limitations expires cannot toll the statute of limitations because there is then no time left to toll. See Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000) (state prisoner arguing that new state law allowing habeas petition tolls statute of limitations dismissed because state habeas petition must be "pending" in order to toll).

Petitioner's state conviction became final on April 23, 1994, when the time period for petitioner to seek a direct appeal of his sentence expired.[4] As this finality occurred prior to the effective date of the AEDPA, the statute of limitations for a § 2254 habeas corpus petition began to run on April 24, 1996 and ended April 24, 1997. Petitioner's state habeas petition could not operate to toll the one-year § 2254 statute of limitations because the state petition was not filed until August 4, 2003. As the statute of limitations for petitioner's federal habeas petition expired on April 24, 1997, his state petition was filed 2,293 days too late to toll the § 2244 statute of limitations. Even allowing for tolling during the pendency of petitioner's state habeas corpus petition from August 4, 2003 to September 20, 2005, petitioner's instant § 2254 petition was filed 2,387 days after the deadline for filing a timely § 2254 petition had passed.

The February 24, 2004 amendment to petitioner's sentences does not create a new one-year limitations period for the instant § 2254 petition. It is true that a re-sentencing may operate to allow the one-year § 2244

---

[4] O.C.G.A. § 5-6-38 allows thirty days after the entry of judgment for an appeal. As petitioner's judgment was entered March 24, 1994, petitioner had until April 23, 1994 to file an appeal.

limitations period to run from the date the re-sentencing becomes final under § 2244(d)(1)(A). See Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003); Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000); see also Maharaj v. Sec'y for the Dep't of Corr., 304 F.3d 1345, 1346 (11th Cir. 2002).[5] But in order for the one-year § 2244(d) limitations period to run from the date that the re-sentencing becomes final, the habeas petition must present a claim that challenges the re-sentencing judgment. See Walker, 341 F.3d at 1246 ("We have previously held that under § 2244(d)(1)(A) the statute of limitations for a habeas application *challenging a resentencing court's judgment* begins to run on the date the resentencing judgment became final and not the date the original judgment became final.") (emphasis added); Hepburn, 215 F.3d at 1208 (§ 2254 petition alleged petitioner was denied counsel in violation of the Sixth and Fourteenth Amendments at his re-sentencing hearing). A § 2254 petition that only raises grounds challenging the original judgment, even though a

---

[5]In Walker v. Crosby, the Eleventh Circuit held that an § 2254 petition's timeliness is determined by the timeliness of the latest claim, rather than on a claim-by-claim basis. Walker, 341 F.3d at 1244-45 (holding that language in § 2244(d) makes the entire "application" timely if at least one claim in the application is timely); but see Fielder v. Varner, 379 F.3d 113, 117-22 (3rd Cir. 2004) (disagreeing with Walker and examining a habeas petition claim-by-claim).

re-sentencing has occurred, will only be timely if filed within one year of the date the original judgment became final. <u>Rainey v. Sec'y for the Dep't of Corr.</u>, 2006 WL 779797, *2-*4 (11th Cir. March 29, 2006) (affirming dismissal of a § 2254 petition when that petition related only to the original conviction, not the re-sentencing judgment); <u>see also</u> <u>Velardo v. Lauten</u>, 2006 WL 510061, fn. 3 (M.D. Fla. March 2, 2006) (petitioner brought a § 2254 alleging a double jeopardy violation regarding his original conviction); <u>Sykosky v. Crosby</u>, 2005 WL 1334600 (N.D. Fla. June 6, 2005) (habeas petition did not challenge sentencing judgment).

All four of the grounds petitioner presents in the instant § 2254 petition challenge petitioner's original conviction on March 24, 1994. As none of his claims challenge his re-sentencing judgment,[6] petitioner's § 2254

---

[6] The Court notes that the re-sentencing was not the result of any properly filed motion for such. Rather it appears that the re-sentencing occurred due to petitioner's original August 4, 2003 state habeas corpus petition. Resp. Ex. 5 at 1-2, 7-8. In researching the case, the Special Assistant Attorney General ("SAAG") found that the Georgia Code did not allow for twenty-five year sentences for armed robbery or kidnapping. The illegality of the sentences was the gravamen of petitioner's original state habeas petition. The SAAG called this to the attention of the district attorney and petitioner's trial attorney. As a result, shortly before petitioner's originally scheduled state habeas hearing, the state judge that sentenced petitioner amended his sentences to twenty years as to each count, on February 24, 2004. Resp. Ex. 6 at 49. Petitioner was not involved in securing this amendment and found out about the change for the first time at his state habeas hearing on February 27, 2004. Petitioner later amended his state habeas petition to include other claims related to his original conviction, claims that are repeated in the instant § 2254 petition.

petition is only timely if he filed the petition within one-year of the date that his conviction became final. As noted above, petitioner filed his § 2254 petition 2,387 days after the limitations period ended. The instant § 2254 is clearly untimely.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition should be DISMISSED.

SO REPORTED AND RECOMMENDED this 28th day of April, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA